McCarthy v. Miller.

---

## Catherine McCarthy, et al., v. J. W. Miller, et al.

1. MORTGAGE—*when lien of, subordinated to mechanic's lien.* The lien of a mortgage is subordinated to that of mechanics' lien claimants where the lien of the mortgage, though prior in time, covered property other than that subject to the lien claims and was released as to such other property after the lien claims attached, notwithstanding the property released was in itself sufficient to satisfy the mortgage debt.

Mechanic's lien proceeding. Error to the Circuit Court of Jackson County; the HON. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

W. W. BARR and F. M. YOUNGBLOOD, for plaintiffs in error.

WILLIAM A. SCHWARTZ and HOSEA V. FERRELL, for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit to enforce a lien under the mechanics' lien law. The facts in the case as they appear from the record are that on February 9, 1903, Charles E. Dickerman sold to Sam T. Brush ten acres of land adjoining the city of Carbondale, Illinois, for $1,400 and took his note for that amount, due in four months with interest at the rate of six per cent. per annum. The note afterwards, by assignment, became the property of Catherine McCarthy and on June 6, 1903, Brush gave her a mortgage on the premises to secure the same, which was three days later duly filed for record in the office of the recorder of Jackson County. On June 15, 1903, Brush paid $200, leaving $1,200 and interest unpaid. During the summer Brush caused the tract to be platted into town lots, and on October 8, 1903, J. O. Hughes contracted with him for two lots at $250 each, paying $20 down and giving his note for $480. One of these lots was known as lot number 4, and was purchased for J. A. Wiswell, Hughes' brother-in-law. Very shortly afterwards Wiswell contracted for the erection of a dwelling house on lot number 4, and lumber and other material were delivered thereon early in November. On December 30th the house was so far completed that Wiswell moved into it. While Brush had nothing to do with ordering the material, he had knowledge of its delivery, and saw the house in course of erection. The day after Wiswell moved in Brush had it insured in his own name, for $600. Wiswell expected to get the money to pay on the house and lot from a building and loan association, but failed to do so. About a month after Hughes paid the money he went to Brush, told him there was trouble in getting the loan through and at his request Hughes paid him back the

$20 and surrendered him his note. On March 26, 1904, J. W. Miller, Charles E. Rieth and E. K. Porter filed a bill in the Circuit Court under the mechanic's lien law to enforce their liens against the building and lot for material furnished in the construction of the house. Catherine McCarthy, Sam T. Brush, J. A. Wiswell and Pinson & Rushing, a firm which had furnished certain of the material used in the construction of the building, were made parties defendant, and afterwards other material men and laborers joined in the suit. Brush and Mrs. McCarthy filed separate answers denying the right of the plaintiffs to the relief sought so far as the lot in question was concerned. Mrs. McCarthy was served with summons March 29, 1904, and the other parties defendant entered their appearance.

On April 11, 1904, Brush paid Mrs. McCarthy $950, and she on the same day executed and delivered to him a release, which he had drawn up, releasing all the lots named in the mortgage, except said lot number 4, from the lien of the mortgage. Brush admitted in his testimony that he might have told Mrs. McCarthy that he wanted a release of all the lots but the one in question, and that he wanted her to hold that one. He also said that his note was good for payment before the mortgage was given; that it was still good, and if Mrs. McCarthy could not make her money out of the mortgage, she had her recourse on him. The amount still due Mrs. McCarthy was $250 and interest. After said payment was made and release given, Mrs. McCarthy filed a cross-bill in said cause, praying for the foreclosure of her mortgage against said lot number 4, for the payment of the balance due on said note with interest. The proofs showed that each of said town lots was worth $250.

On the hearing the court entered a decree finding that complainants had furnished certain labor and material in the construction of the building upon said lot number 4; that Brush was the owner and was seized of said lot subject to the mortgage of Mrs. McCarthy, which included ten lots in said addition, and was duly recorded prior to

the furnishing of any of the labor or materials for which liens were claimed; that Wiswell had contracted with Brush for said lot and had erected a dwelling house upon it with the knowledge and consent of Brush; that Brush knew Wiswell was without means and that it would be necessary for him to build the house on credit; that he never at any time made or offered any objection to the erection of the house by Wiswell; that Catherine McCarthy had actual and constructive knowledge of the claims of the complainants as set forth in their bill of complaint, when on April 11, 1904, she released the rest of the land included in her mortgage; that with said knowledge of the rights of complainants and to their prejudice Mrs. McCarthy released property far exceeding in value the entire mortgage debt. The court decreed that complainants had a first lien on said lot together with the buildings and improvements thereon for the amount of their claims as proved, superior to the mortgage lien of Mrs. McCarthy, and it was further ordered and decreed that Wiswell pay the amount due the several lien claimants; that Brush pay Catherine McCarthy the amount due her; that in case of default in the payments of said sums within a time fixed, the lot, with the building and improvement thereon, be sold; that out of the proceeds of such sale, after the payment of costs and solicitors' fee, there be paid, first, the amount due the lien claimants, then the amount due Mrs. McCarthy together with her solicitors' fee on her cross-bill, and if there be any surplus that it be brought into court.

The only question presented for the consideration of this court under the record in this case is, did Catherine McCarthy lose her right to a prior lien on said lot number 4 as against the holders of the mechanics' liens, by releasing the other lots which were more than sufficient in value to secure her whole debt. Having been served with summons in this case, she had constructive if not actual notice of the claims of complainants and we think the evidence fairly shows that Brush also had notice of such claims. She had ample security for her debt and voluntarily released all but

this lot at the request of Brush. Had she retained her mortgage upon all ten of the lots and brought suit to foreclose the same, it seems certain that the court, if asked to do so by the holders of the mechanics' liens, could have compelled her to exhaust the security which she alone held upon the nine other lots before availing herself of that afforded by lot 4 which was within the reach of said lien holders.

The doctrine is well established that where one has a lien upon two funds and another has a lien upon only one of them, a court of equity will compel the first to exhaust the fund upon which he alone has a lien before resorting to the other (Warner v. DeWitt Co. Nat'l Bank, 4 Ill. App. 305), or as stated by Mr. Justice Lawrence in Iglehart v. Crane, 42 Ill. 261, "Where there are two creditors standing in equal equity, one of whom has security upon two funds and the other upon only one of the two, the former is required to proceed primarily against the fund upon which the latter has no claim."

If, as is the rule, Mrs. McCarthy would in case she had sought to foreclose her mortgage on all ten lots, been compelled first to resort to those lots upon which complainants had no lien, an equally equitable rule would preclude her from, either with or without collusion with Brush, the owner of the fee, releasing those lots upon which complainants had no claim and which were more than sufficient to satisfy her debt and yet retain a lien superior to that of complainants upon lot number 4, upon which they had a lien.

In Alexander v. Welsh, 10 Ill. App. 181, it is said, in speaking of successive mortgages of separate tracts of mortgaged premises: "If the mortgagee knows that portions of the mortgaged premises have been subsequently conveyed or incumbered, he is not allowed in equity to release those parts on which he has the only security and to enforce his entire claim upon those portions in which others have become interested and if he does release a part, which is liable to the payment of his debt, only, he cannot charge the

other portions of it without deducting the value of the part released."

The court below therefore properly decreed that the lien of the complainants who furnished the material and built the house, upon the lot in question, was superior to the lien of the mortgage held by Mrs. McCarthy, and that the funds derived from the sale of the premises, should be first applied to the payment of said superior liens. If after the payment of the amount due upon the superior liens there is no money remaining or it is not sufficient to pay the mortgage, Mr. Brush will be personally liable to Mrs. McCarthy for so much of her mortgage indebtedness as remains unsatisfied.

Section 1 of our statute in reference to mechanics' liens provides, that any person who shall by any contract with the owner of a lot or tract of land or with one whom such owner has authorized or knowingly permitted to improve the same, and furnish material, labor, etc., shall have a lien upon the lot and the improvements thereon for the amount due him for such material, labor, etc. Mr. Brush must lose his right to have the amount derived from the sale of the lot applied to the payment of his mortgage indebtedness to Mrs. McCarthy before the payment of other liens, for the reason that the building was erected on the lot with his knowledge and consent under the contract with Wiswell.

The decree of the court below will be affirmed.

*Affirmed.*